IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| RAUL PERALEZ AND SANDRA PEREZ, § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2:15-cv-00058 | |
| § | | |
| ASI LLOYDS AND JACK FIELDER, § | | |
| *Defendants*. § | | |
| § | | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

ASI Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.      On or about April 2, 2015 Plaintiffs filed Plaintiffs' Original Petition in the matter styled Cause No. 15-04-31085-MCVAJA; *Raul Peralez and Sandra Perez v. ASI Lloyds and Jack Fielder;* In the 365th Judicial District Court, Maverick County, Texas. ASI Lloyds' registered agent received the citation and petition on May 13, 2015. Defendant ASI Lloyds files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2.      Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Maverick County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Defendants' Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

*Basis for Removal*

3.   Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4.   Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas. *See* Plaintiffs' Original Petition, ¶ 2.

5.   Defendant, ASI Lloyds was, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon and Angel Bostick. Each of these underwriters is a citizen of the State of Florida[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as ASI Lloyds] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes). Accordingly, ASI Lloyds is not a citizen of the State of Texas.

6.   With respect to the claims against Jack Fielder, it is ASI Lloyds' position that he has been fraudulently joined in this action. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Bailey, et. al. v. State Farm Lloyds, et. al.*, Civil Action No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, *9 (S.D. Tex. 2001); *Massey*, 993 F. Supp. at 570.

failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

7.      Here, based on Plaintiffs' vague allegations in Plaintiffs' Original Petition, there is no basis to reasonably predict that Texas law might impose liability on Jack Fielder because no real facts relating to him have been set forth.  The allegations against Jack Fielder appear to simply be a recasting of those against ASI Lloyds.

8.      Plaintiffs assert causes of action for breach of contract due to ASI Lloyds' failure to provide adequate compensation under their homeowners' policy, for violation of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and for breach of the duty of good faith and fair dealing.  Specifically, the breach of contract claim is only proper against ASI Lloyds, the insurer and entity who issued the policy in dispute.  Any alleged violation of the Texas Insurance Code, violation of the DTPA, or bad faith is predicated on a finding that ASI Lloyds breached the insurance policy issued to Plaintiffs.  Thus, these allegations can only apply to ASI Lloyds. Accordingly, Plaintiffs' claims against Jack Fielder for violation of the Texas Insurance Code or for fraud can only apply to ASI Lloyds.

9.      In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick*

*v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiffs' demand letter to ASI clearly states that Plaintiffs seek damages over $159,300. *See* Plaintiffs' demand letter, dated March 25, 2015, p. 2. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

11. ASI Lloyds was first served with the petition on May 13, 2015. ASI Lloyds filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claim allegedly occurred in this district.

13. The consent of Jack Fielder is not required in this case as he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. §1446(d), promptly after ASI Lloyds files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Maverick County, promptly after ASI Lloyds files this Notice.

        Respectfully submitted,

          /s/ Jay Scott Simon
        Jay Scott Simon
        Attorney-In-Charge
        State Bar No. 24008040
        Federal Bar No.: 31422
        jsimon@thompsoncoe.com
        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone:  (713) 403-8210
        Telecopy:  (713) 403-8299

        **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiffs, Raul Peralez and Sandra Perez, by and through their attorney of record, Jason M. Byrd, The Byrd Law Firm, 448 Orleans Street, Beaumont, Texas 77701, on the 12th day of June, 2015.

        /s/ Jay Scott Simon
        Jay Scott Simon

2222027v1
04098.568